Filed 4/20/16  P. v. Wright CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY EDWARD WRIGHT,<br><br>        Defendant and Appellant. | A145659<br><br>(Solano County<br>Super. Ct. No. VCR210019) |

Anthony Edward Wright appeals from a post judgment order denying his Proposition 47 petition for resentencing (Pen. Code, § 1170.18, subd. (a)).  His counsel raises no issues and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was apprised of his right to file a supplemental brief, but did not do so.

On March 10, 2011, defendant pled no contest to second degree commercial burglary, grand theft, and petty theft with a prior (Pen. Code, §§ 459, 487, subd. (a), and 484, subd. (a)/666).  The charges stemmed from defendant's theft of merchandise from the Kohl's department store in Vallejo.  The court placed defendant on probation.

On June 3, 2015, defendant petitioned to reduce his felony convictions to misdemeanor petty thefts (Pen. Code, § 490.2) pursuant to Proposition 47, reasoning that the value of the property taken was less than $950.  He argued that the value of the property taken was $930.97 because he received only $91 for a fraudulent return of an item valued at $138.  The People opposed the petition, asserting that the total value of the merchandise taken was $977.97 including $138, the value of the fraudulent return, and

1

hence, defendant was not entitled to relief.  The trial court denied the petition, reasoning that the definition of the loss was the total value of the property taken, not the discounted credit or returned value.

The trial court properly denied the petition.  This court has reviewed the entire record and there are no meritorious issues to be argued.

The order is affirmed.

_____
Rivera, J.

We concur:


_____
Ruvolo, P.J.


_____
Streeter, J.